IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PULSE TECHNOLOGIES, INC.,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-4549 |
| | : | |
| **JEDEDIAH L. DODRILL,** | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

Stengel, J.                                      December 7, 2006

Pulse Technologies, Inc. ("Plaintiff") filed a complaint and a motion for a preliminary injunction on October 12, 2006 alleging former employee Jedediah L. Dodrill ("Defendant") breached a non-compete clause in his employment contract and severance agreement. On November 1, 2006, we granted Plaintiff's Motion for expedited discovery and scheduled a hearing on the preliminary injunction. On November 13, 2006, Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue. For the reasons described below, the Court will grant Defendants' Motion as to venue and grant Plaintiff's request[1] to transfer the case to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1406(a).

---

[1] Defendant asks this Court to dismiss the case because it lacks personal jurisdiction over him and venue is not proper in the Eastern District. Although the Court finds that it does have jurisdiction over the Defendant, the Court agrees that venue is improper. Plaintiff requests that if the Court determines that venue is improper, it should exercise its discretion under 28 U.S.C. § 1406(a) to transfer the case to the District Court of Oregon as this is the District where Defendant resides. The Court will grant Plaintiff's request in lieu of dismissing the case for improper venue.

**I.     Background**

Defendant currently resides in Oregon and resided there at all times during his employment with Plaintiff.  Aff. Jedediah Dodrill ¶¶ 3,4.  Before working for Pulse, Defendant worked for Precision Wire Components, a company based in Oregon.  Id. ¶ 4.  In December 2001, Defendant met Frank Henofer, the owner and an officer of Pulse, and the two came into contact from time to time.  Id. ¶¶ 5-6.  Mr. Henofer asked Defendant if he would consider managing and growing sales for Pulse on the West Coast.  Id. ¶ 7.  Defendant asserts that "[h]aving continuously worked in Pulses' industry in the Western and Upper Midwestern United States at that time, I had established many valuable customer relationships in those areas."  Id. ¶ 10.  Defendant asserts that he never interviewed or negotiated for the job in Pennsylvania, as alleged by Joseph Rosato, who was not an employee at Pulse at the time.  Id. ¶¶ 12-14.  Defendant and Mr. Henofer negotiated the terms of his employment at a trade show in California in January 2002.  Id. ¶¶ 15-18.  The parties continued negotiations over the phone.  Id. ¶¶ 20-21.  After coming to a verbal agreement in February, Plaintiff mailed Defendant the Employment Agreement ("Agreement") on March 4, 2002 and Defendant signed the Agreement and returned it via overnight mail the same day.  Id. ¶¶ 22-24. Defendant began working for Plaintiff on March 18, 2002.  Id. ¶ 25.  Defendant later signed and faxed an amended employment agreement from Nevada.  Id. 35.

During his employment, Defendant spent little time in Pennsylvania, traveling

there a couple of times a year for company sales meetings and holiday parties. Id. ¶ 27. Instead, Defendant worked and operated in Oregon for 70% of his time and spent the remaining 30% traveling in his territory in the Western and Upper Midwestern United States. Id. ¶ 26. Defendant's customers were not located in Pennsylvania.

Defendant believed that he was exceeding his sales goals yet felt at risk for termination without cause due to his level of compensation and began lobbying for a long term contract. Id. ¶¶ 38-41. In October 2005, Plaintiff flew Defendant and his wife to Quakertown, Pennsylvania to celebrate the largest bookings month in Plaintiff's history, 85% of which came from Defendant's efforts. Id. ¶¶ 4-45.

Defendant asserts that negotiations for the long term contract continued. See id. ¶¶ 45-48. On or about November 7, 2005, Plaintiff's new director of sales, Robert Madigan, called Defendant and asked him to fly to Pennsylvania so that he could sign a long term contract with Pulse. Id. ¶¶ 49-51. On November 15, 2005, Plaintiff unilaterally terminated his employment while Defendant was in Pennsylvania. Id. ¶ 53.

In response, Plaintiff asserts that Defendant did interview for a job with Plaintiff at its principle place of business in Pennsylvania prior to January 2002. Affidavit Frank Henofer ¶ 2. According to Mr. Henofer, Defendant expressed his dissatisfaction with his current employer and solicited and participated in an interview for employment with Plaintiff at its place of business in Harleysville, Pennsylvania and Brookview Restaurant in Mainland, Pennsylvania. Id.

Plaintiff also contends that Defendant "consistently participated in strategic planning, training, discipline, and periodic employee reviews at Pulse's principle places of business first in Harleysville, Pennsylvania and subsequently in Quakertown, Pennsylvania." Id. ¶ 8. Additionally, throughout his employment, Defendant submitted monthly sales data to Plaintiff in Pennsylvania and made multiple daily phone communications to Plaintiff in Pennsylvania. Id. ¶¶ 9-10; Revised Aff. Joseph Rosato ¶ 13.

## II.   Standard of Review

Once a defendant raises a jurisdictional defense, the plaintiff bears the burden of demonstrating, through affidavits or other evidence that jurisdiction is proper. Dayhoff, Inc. v. H.J. Heinz, Co., 86 F.3d 1287 (3d Cir. 1996). The plaintiff can sustain this burden by establishing with reasonably particularity sufficient contacts between the defendant and the forum state. Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). In deciding this motion, a court must resolve any disputed facts in favor of the plaintiff and accept plaintiff's allegations as true. Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003).

In a motion to dismiss, the defendant bears the burden of proving that venue is improper. George Young Co. v. Burty Bros., Inc., No. 03-3353, 2004 U.S. Dist. LEXIS 8985 at *21 (Apr. 2, 2004) *citing* Myers v. Am. Dental Assoc., 695 F.2d 716, 724-25 (3d Cir. 1982).

**III.    Discussion**

    **A.    This Court has personal jurisdiction over the Defendant.**

A federal district court must apply the laws of the state in which it sits in determining whether it may exercise personal jurisdiction over a non-resident defendant. Bucks County Playhouse v. Bradshaw, 577 F. Supp. 1203, 1206 (E.D. Pa. 1983). In this case, Plaintiff asserts that specific personal jurisdiction is proper under Pennsylvania's long-arm statute.[2] Therefore, personal jurisdiction is proper if Plaintiff's claim is related to or arises out of Defendant's minimum contacts in the forum within the framework established by International Shoe Co. v. Washington, 326 U.S. 310 (1945).The minimum contacts analysis focuses on defendant's activities in the forum state. International Shoe minimum contacts require "purposeful availment," thus ensuring "that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). Jurisdiction is therefore proper where the minimum contacts result from the defendant's own actions that create a substantial connection by deliberately engaging in significant activities in the forum state or creating continuing obligations between himself and the forum state. Id.

If the court finds International Shoe minimum contacts, the court must determine whether the exercise of that jurisdiction is reasonable. The court has discretion to inquire

---

[2]Pennsylvania's long-arm statute extends jurisdiction over non-residents to the "fullest extent allowed under the Constitution of the United States." 42 PA. CONST. STAT. ANN. § 5322(b). Pennsylvania's statute is therefore coextensive with the constitutional limits set by the due process clause of the Fourteenth Amendment.

-5-

whether the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. Penzoil Prods. Co. v. Colellis & Assoc., Inc., 149 F.3d 197, 201 (3d Cir. 1998) (noting that although this analysis is technically discretionary, the Third Circuit favors its application).

A contract alone is not sufficient to establish minimum contacts. Mesalic v. Fiberfloat Corp., 897 F.2d 696, 699 (3d Cir. 1990) *citing* Burger King v. Rudzewicz, 471 U.S. at 478; see also Romann v. Geissenberger Mfg. Corp., 865 F. Supp. 255, 263 (E.D. Pa. 1994). Instead, a court must evaluate prior negotiations; the terms of the contract; and the parties' actual course of dealing. Id.

Physical presence in the forum is always a relevant indicator of minimum contacts but lack of physical connection with the forum is not detrimental to a personal jurisdiction analysis. Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1225 (3d Cir. 1992). One visit to the forum state may constitute minimum contacts if the contract that forms the basis of the suit was negotiated during the visit. George Young Co. v. Burty Brothers, Inc., No. 03-3353, 2004 U.S. Dist. LEXIS 8985 at *13 (Apr. 2, 2004) *citing* Rototherm Corp. v. Penn Linen & Unif. Serv., Inc., 1997 U.S. Dist. LEXIS 10057 at *17-18 (E.D. Pa. July 3, 1997); Stop-A-Flat Corp. v. Electra Start of Michigan, Inc, 507 F.Supp. 647, 650-51 (E.D. Pa. 1981); see also Grand Entertainment Group, Ltd. v. Star Media Sales, Inc. 988 F.2d 476, 482 (3d Cir. 1993) (stating in a contract dispute that "[w]here the contacts evaluated are those that give rise to the litigation, even one contact

with the forum may be enough to justify jurisdiction as long as the other criteria are met.).

Additionally, the Third Circuit has held that telephone, facsimile, and e-mail communications sent by the defendant into the forum state may count toward minimum contacts. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc. 988 F.2d 476, 482 (3d Cir. 1993) (finding specific personal jurisdiction appropriate because the defendant directed twelve communications into the forum and contemplated entering into a contractual relationship that would create significant ties with the forum); Schnader, Harrison, Segal & Lewis, L.L.P. v. Basic Capital Funds, Inc., No.99-4655, 2000 U.S. Dist. LEXIS 13501 at *7-8 (E.D. Pa. Sep. 21, 2000) (finding that plaintiff established minimum contacts for personal jurisdiction through a number of telephone, mail, facsimile and electronic communications). On the other hand, informational communications do not trigger personal jurisdiction if there is no purposeful availment. Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 455 (3d Cir. 2003). For example, personal jurisdiction was improper where there was insufficient evidence that a Spanish corporation directed its website at New Jersey residents. Id.

Accepting Plaintiff's allegations as true and construing all disputed facts in Plaintiff's favor, Defendant has minimum contacts with Pennsylvania to establish specific personal jurisdiction. Plaintiff alleges that Defendant interviewed at its principle place of business in Pennsylvania. Even though Defendant did not accept Plaintiff's offer of employment while physically in Pennsylvania, Defendant knowingly negotiated the terms

of his employment over the phone with Plaintiff's agents in Pennsylvania and also signed and mailed the employment agreement to Pennsylvania. A restrictive covenant in this agreement is now at issue in the case. During the course of his employment, Defendant visited Plaintiff's place of business in Pennsylvania several times a year to conduct company business and attend company social functions. Moreover, Defendant has regular contact with Plaintiff in Pennsylvania in order to carry out his job duties, even it his customer base was in the Western and Midwestern portion of the United States. Defendant submitted monthly transmissions of sales data to Plaintiff in Pennsylvania and was in daily phone contact with Plaintiff in Pennsylvania.

  Finding sufficient minimum contacts, the court must determine whether exercising personal jurisdiction over Defendant is reasonable and comports with traditional notions of fair play and substantial justice. <u>Penzoil Prods. Co. v. Colellis & Assoc., Inc.</u>, 149 F.3d 197, 201 (3d Cir. 1998). To determine reasonableness, the court must evaluate several factors including the burden on the defendant; interest of the forum state, and the plaintiff's interest in obtaining relief. <u>Mesalic v. Fiberfloat Corp.</u>, 897 F.2d 696, 701 (3d Cir. 1990). Defendant does not assert that the burden of litigating this dispute in Pennsylvania is substantial. Although proceeding with this dispute may be inconvenient for Defendant, Pennsylvania is a reasonable forum given Defendant's substantial contact with the Commonwealth during his employment with Plaintiff. Additionally, Plaintiff has a substantial interest in receiving expeditious relief on its pending motion for a

preliminary injunction, which concerns the alleged breach of a restrictive covenant not to compete.

For the reasons noted above, personal jurisdiction over Defendant is proper under Pennsylvania's long arm statute and Defendant's motion to dismiss on this ground is denied.

**B.    Venue is not proper in the Eastern District of Pennsylvania.**

Defendant also contests venue.  A plaintiff's choice of forum is not to be lightly disturbed.  Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970); Siegel v. Homestore, Inc., 255 F. Supp. 2d 451, 455 (E.D. Pa. 2003) *citing* Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Therefore, it is Defendant's burden to show that venue is improper.  George Young Co. v. Burty Brothers, Inc., No. 03-3353, 2004 U.S. Dist. LEXIS 8985 at *13 (Apr. 2, 2004).

Since this Court has subject matter jurisdiction based on diversity, 28 U.S.C. § 1391(a) is the appropriate venue statute.  The statute provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(a)

In order for venue to be proper in this case,[3] a substantial part of the events giving rise to the claim must have occurred in this judicial district.  The test for determining whether venue is proper under Section 1391(a)(2) "is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim.... Although the statute no longer requires a court to select the best forum, the weighing of substantial may at times seem to take on that flavor."  Cottman Transmission Sys. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994)(citations omitted).

Specifically, in contract disputes, courts can consider a number of facts including where the contract was negotiated or executed; where the contract was to be performed; the location where the alleged breach occurred; and where the alleged harm occurred. Mandelbaum v. Hornstein, No. 05-4052, 2006 U.S. Dist. LEXIS 76989 (D.N.J. Oct. 23, 2006).  More than one forum may be appropriate and the plaintiff is not required to chose the best forum or the one that is most convenient for the defendant.  Id.

Although Pennsylvania is Plaintiff's choice of forum, only two factors weigh in favor of this choice of venue.[4]  As Plaintiff's state of incorporation and principal place of

---

[3] Venue is not proper under 28 U.S.C. §1391(a) (1) because Defendant resides in Oregon.  Venue is also not proper under §1391(a)(3) because this case could be brought in another district such as Oregon.

[4] Additionally, the case law Plaintiff cites in support of its argument is not persuasive.  In Siegel v. Homestore, Inc., 225 F. Supp.2d 451 (E.D. Pa. 2003), the court based venue on the Defendant's "knowing and repeated transmission of computer files over the Internet."  Id. at 456.  Siegel is distinguishable because the court also noted that Defendant conducted all of its business over the Internet, which is clearly not the case here.  The court in Harry Miller Co. v. Carr Chem. Inc., 5  F. Supp.2d 295, 298-99 (E.D. Pa. 2003) focused its venue analysis on trade secrets, which is not the issue in this case.  Morever, the decisions of two district courts are not controlling for this Court.

business, Pennsylvania is the state where the alleged harm is being felt. One court, however, has noted that economic harm without other substantial contacts is insufficient to establish venue. Loeb v. Bank of Am., 254 F. Supp.2d 581, 587 (E.D. Pa. 2003). The contract may have also been partially negotiated in Pennsylvania.

The other factors indicate that venue is not proper in Pennsylvania. Defendant avers that none of his work was to be performed in Pennsylvania and that Defendant worked and operated in Oregon for 70% of his time and spent the remaining 30% traveling in his territory in the Western and Upper Midwestern United States. Defendant spend a minimal amount of time in Pennsylvania. Defendant's substantial employment activities occurred on the West Coast.

Additionally, it appears that Pennsylvania is not the state where Defendant allegedly breached the restrictive covenant in his contract. Plaintiff's complaint suggests that Defendant violated the restrictive covenant by working for RMS Company, one of Plaintiff's competitors, and by actively soliciting Plaintiff's western United States customer base. Compl. ¶¶ 19-22. Therefore, venue is not proper in the Eastern District of Pennsylvania. See Tjf Assocs. v. Kenneth J. Rotman & Allianex, L.L.C., No. 05-705, 2005 U.S. Dist. LEXIS 11943 (E.D. Pa. June 17, 2005) (finding venue in Pennsylvania improper because Plaintiff's claims for breach of contract and fiduciary duty arise from wrongful acts in California, even though the breached agreement was negotiated through

emails and phone calls in Pennsylvania). It also appears that the majority of the witnesses concerning the alleged breach of the Agreement are located in the Northwest and Upper Midwest.

Based on the above analysis, venue is not proper in the Eastern District and the case must be dismissed.

### C. Transfer to the District Court of Oregon is appropriate.

Since the Eastern District of Pennsylvania is not a proper venue, Plaintiff requests that the Court transfer the case to the District Court in Oregon if personal jurisdiction or venue is improper.

If venue is improper, 28 U.S.C. § 1406(a) governs. This subsection states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See also Cinalli v. Kane, 191 F. Supp.2d 601, 612 (E.D. Pa. 2002); Alston and Gunn v. Solomon, 754 F. Supp. 46 (E.D. Pa. 1990).

Under 28 U.S.C. § 1391(a)(1) of the venue statute, venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." Since Defendant resides in Oregon, and there are no other Defendants, this court is authorized to transfer the case to the district of Oregon. The Court finds that transfer serves the interest of justice since a preliminary injunction requires expeditious adjudication.

<u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466 (1962).  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PULSE TECHNOLOGIES, INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 06-4549 |
| | : | |
| JEDEDIAH L. DODRILL, | : | |
| Defendant. | : | |

**O R D E R**

**AND NOW**, this 7th day of December, 2006, upon consideration of Defendant's Motion to Dismiss (Document No. 8) and Plaintiff's response, it is hereby **ORDERED** that the motion is **GRANTED**. The case must be dismissed because venue is improper. As this Court cannot rule on Plaintiff's Motion for a Preliminary Injunction (Document No. 2), the court will **DENY** this Motion as **MOOT**.

The Court further **ORDERS** that the case should be transferred to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1406(a). The Clerk of Court is directed to Transfer the original pleadings of this case to the United States District Court for the District of Oregon. The Clerk of Courts is directed to mark this case as closed for statistical purposes.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.